## Eugene LAUE, Plaintiff–Appellant,

v.

## Gary JOHNSON; Sammy Buentello, Assistant Director of Classification; Leticia McQueen; Alfred Janicek, Jr., Warden; Johnny Armstrong; Bill Cheatham; Cay Cannon; Pamela Franks; Gary Griffith; Stephen Rodgers; Vanessa Sinegaure; Kelly B. Strong; Joni M. White; John Wyeth, Defendants–Appellees.

No. 04–20486.
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided Dec. 29, 2004.

Eugene Laue, # 255017, Texas Department of Criminal Justice Institutional Division, Ferguson Unit, Midway, TX, Pro se.

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM: *

Eugene Laue, Texas prisoner # 255017, appeals the district court's dismissal of his

---

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be

42 U.S.C. § 1983 complaint as frivolous pursuant to 28 U.S.C. § 1915A. Laue challenges his continued incarceration in administrative segregation despite his renunciation of his gang membership. This court reviews dismissals under 28 U.S.C. § 1915A *de novo. Velasquez v. Woods,* 329 F.3d 420, 421 (5th Cir.2003). A complaint may be dismissed as frivolous "if it lacks any arguable basis in law or fact." *Harris v. Hegmann,* 198 F.3d 153, 156 (5th Cir.1999).

Because Laue has alleged that his placement in administrative segregation was not based on his initial classification, review is under the familiar test of *Sandin v. Conner,* 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). *See Wilkerson v. Stalder,* 329 F.3d 431, 436 (5th Cir.2003), *cert. denied,* 540 U.S. 966, 124 S.Ct. 432, 157 L.Ed.2d 310 (2003). We will assume *arguendo* that Laue's eight years of confinement in administrative segregation constitutes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin,* 515 U.S. at 484.

The ultimate question is whether a prisoner was afforded the process he was due under the Constitution. *See Sandin,* 515 U.S. at 483–84. Laue's pleadings do not specifically allege how the prison's review procedures were insufficient. However, the grievances he submitted reflect that prison officials have investigated his renunciation of his gang membership, that officials have determined his renunciation to be valid, and that he is awaiting placement in a special program for former gang members. We conclude that Laue's com-

plaint does not reflect that he has been denied due process.

AFFIRMED.